IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, in its own capacity and in its capacity as successor to Union Pacific Railroad Company;<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | 8:14CV237<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant United States of America's (hereinafter, "the Government's" or "the IRS's") motion to dismiss for lack of jurisdiction (Partial), Filing No. 31.[1] The government contends that this court lacks jurisdiction over plaintiff Union Pacific Railroad Company's ("U.P.'s") tax refund claims for 1995 and 1996. It argues that U.P. failed to file its tax refund suit within two years of the IRS's disallowance of the refund claims. The parties submit documentary evidence in connection with the motion. Filing No. 33, Index of Evid., Exs. A-M; Filing No. 44, Index of Evid., Exs. 1-12.

I.  **FACTS**

U.P. filed this action seeking a refund of over $74 million in employment taxes paid under the Railroad Retirement Tax Act, I.R.C. § 3201, *et seq.*, for tax years 1991 through 2007 on August 12, 2014. Filing No. 1, Complaint. It seeks refunds of RRTA taxes it paid on its employees' exercise of certain stock options, vesting of certain

---

[1] Also pending is U.P.'s motion for a hearing, Filing No. 45. The court finds a hearing is not necessary and the motion will be denied.

restricted stock and "restricted stock units," and certain payments made under collective bargaining agreements.  *Id.* at 4-10.  Jurisdiction is based on 28 U.S.C. § 1346(a)(1).

The record shows that U.P. filed its Employer's Annual Railroad Retirement Tax Returns (IRS Forms CT-1) for tax years 1995 and 1996 on February 27, 1996, and February 26, 1997, respectively.  Filing No. 33-1, Index of Evid., Ex. A, 1995 Form CT-1; Filing No. 33-2, Ex. B, 1996 Form CT-1.  The IRS issued two forms captioned "Department of the Treasury, Internal Revenue Service, Consent to Extend the Time to Assess Employment Taxes" IRS Forms SS-10, one dated December 23, 1998, and another dated January 18, 2000.  Filing No. 33-3, Index of Evid., Ex. C, 1998 Form SS-10; Filing No. 33-4, 2000 Form SS-10.  Those documents extended the deadline for the IRS to assess several types of taxes, including RRTA taxes, against U.P. for several tax years, including 1995 and 1996.  *See id.*  The first extended deadline was March 1, 2000, and the second extended deadline was March 1, 2001.  *Id.*  In a Form SS-10 dated January 16, 2001, the IRS again extended the deadline to March 1, 2002.  Filing No. 33-5, Index of Evid., Ex. E, 2001 Form SS-10.

On August 26, 2002, U.P. filed claims for refund (IRS Forms 843) with the IRS for RRTA taxes in the amounts of $30,060,960 for 1995 and $25,358,473 for 1996.  Filing Nos. 33-6 & 33-7, Exs. F and G, 1995 & 1996 Forms 843.  U.P.'s representative signed the claims on August 23, 2002.  *Id.*, Ex. F at UPRR-000037; Ex. G at UPRR-000057. The claims included, but were not limited to, requests for refunds of RRTA taxes paid with respect to challenged transactions 1995 and 1996.  *Id.*, Ex. F at UPRR-000038; Ex. G at UPRR-000058 (claims encompassed "other miscellaneous payments").

2

On June 27, 2003, the Cincinnati Service Center of the IRS sent U.P., by certified mail, a "Letter 105C" stating as follows: "This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below." *Id.*, Ex. H at UPRR-000042. Set forth below was the statement: "The statute [of limitations for filing refund claims] for both of these periods has expired." *Id.* Further, the letter states "[t]he SS-10s provided by you cover 1991, 1992, and 1993. Tax periods 1994-1997 were lined through and initialed by both the IRS official and the VP of Taxes at Union Pacific." *Id.* The letter continued as follows: "However, these [sic] information does not impact the disallowance. Additionally, the SS-10 extended the statute to March 1, 2002. Your Forms 843 weren't executed until August 23, 2002." *Id.*

On July 25, 2003, U.P. sent the IRS, by certified mail, a letter protesting the "disallowance of the refund claims filed on Forms 843" for 1995 and 1996. *Id.*, Ex. I at UPRR-000046. The protest letter stated in part: "Your letter dated June 27, 2003 stated that the claims were disallowed because the statute for both of these periods has expired. Union Pacific Railroad Company (UPRR) disagrees that the time for filing a claim for these periods has expired." *Id.* In the letter, U.P. argued that, under I.R.C. § 6511(c), its period for filing a refund claim was extended until six months after the date on which the statute of limitations for assessment expired, which, in this case, was September 1, 2002. *Id.* at UPRR-000047 to -000048. The Government does not dispute that the IRS issued the notice of disallowance in error, reconsidered its decision, and subsequently allowed portions of U.P.'s 1995 and 1996 refund claims. *See* Filing No. 32, Government Brief at 9.

3

On February 9, 2005, IRS Revenue Agent Beth Nichols sent a fax to Jim Coulton at U.P.  Filing No. 33-10, Ex. J.  That correspondence stated "[t]he Cincinnati Service Center determined that both claims were late filed.  This decision has been reversed.  The claims were later determined to be timely filed."  *Id.* at UPRR-000051.  In a note attached to the fax, Agent Nichols stated that "[t]he taxpayer's position is correct" regarding the timeliness of the refund claims.  *Id.* at UPRR-000052.

On August 22, 2012, the IRS Appeals Office sent U.P. two letters regarding its RRTA refund claims for 1995 and 1996, respectively.  Filing No. 33-11 & Filing No. 33-12; Index of Evid., Exs. K and L.  In the letters, for each tax year, the IRS Appeals Office allowed part of the claimed amount and disallowed the remainder.  *Id.*  The Appeals Office disallowed the amounts claimed for refunds in connection with "signing bonuses" and "stock equity."  *Id.*  The letters also stated:

> You were previously issued your legal notice dated June 27, 2003 (copy enclosed).  Therefore, your period for filing [a] refund suit began to run when the legal notice was issued disallowing your claims.  The Service reconsidered your refund claim for which it had already issued a disallowance; however, the reconsideration of the disallowance does not extend the 2 year limitation period to file a refund suit.   Appeals may allow a claim for refund after the 2 year period for filing a refund suit has expired; however, the 2 year period for filing a refund suit is not extended.

*Id.* at UPRR-000055, -000061.

The IRS continued to examine the 1995 and 1996 refund claims until it issued its decisions on August 22, 2012.  *See* Exs. K & L, Appeal Letters at 1 (entitled "in re: Railroad Retirement Tax," and stating "[w]e considered your protest and the evidence and arguments in support of the above claim.").  The IRS offered the following rationale for the denial:

4

> the term "money" as used in the statutory language of I.R.C. § 3231(e)(1) is not limited to cash currency and includes other types of compensation including stock options.  The language in I.R.C. § 3231(e) in its entirety is not ambiguous by the use of the word "money" to clearly extend to compensation paid in various forms including cash and noncash. Therefore, payments of stock options were determined to meet the RRTA definition of compensation.

*Id.* at UPRR-000055.

Also, the government admits that records associated with Union Pacific's 1995 and 1996 refund claim files were destroyed.  Filing No. 44, Index of Evid., Ex. 8, Response to Plaintiff's First Set of Request for Admission at 2.  Other relevant records, like Nichols' Activity Records, have not been produced presumably because they could not be found.  *Id.*, Ex. 12, Second Declaration of Robert R. Martinelli at 3.

## II.   LAW

Jurisdiction is a threshold issue for the court.  See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").  The party seeking to invoke federal jurisdiction carries the burden of proof on that issue.  See *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Department of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

A complaint can be challenged for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments."  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is

5

successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.* In such a challenge, the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

Under 28 U.S.C. § 1346(a)(1), a district court has jurisdiction over a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). The Internal Revenue Code provides that taxpayers seeking a refund of taxes unlawfully assessed must comply with the tax refund procedures set forth in the Code. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). Under those procedures, a taxpayer must file an administrative claim with the Internal Revenue Service before filing suit against the Government. *Id.* Such a claim must be filed within three years of the filing of a return or two years of payment of the tax, whichever is later. *Id.*; I.R.C. § 7422(a).

The limitations period for bringing a § 7422 refund suit in the district court is two years from the time the IRS notifies the taxpayer via certified or registered mail of the disallowance of the claim. 26 U.S.C. § 6532(a)(1); Treas. Reg. § 601.103(c)(3); *see Kaffenberger v. United States*, 314 F.3d 944, 951 (8th Cir. 2003). "Congress provided a mechanism that allows the IRS and the taxpayer to extend the period for bringing suit to

recover a refund beyond the normal two-year statutory period." *Kaffenberger*, 314 F.3d at 952; I.R.C. § 6532(a)(2) ("The 2–year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary."). Congress did not intend to prevent taxpayers and the IRS from agreeing, after the two-year statute of limitations has passed, to extend the time in which a taxpayer may bring suit for a refund. *Kaffenberger*, 314 F.3d at 953.

The IRS acts within its statutory authority in entering into an agreement to extend the time to bring suit on a refund claim, even though the statutory time period for bringing suit had lapsed prior to the date of the agreement. *Kaffenberger*, 314 F.3d at 953. Moreover, there is authority for the proposition that a statutory notice of disallowance may be deemed to have been withdrawn by the IRS, and, at least under certain circumstances, oral representations that withdrawal has taken place may suffice to prove that such is the case. *First Alabama Bank, N.A. v. United States*, 981 F.2d 1226, 1229 (11th Cir. 1993); *Haber v. United States*, 831 F.2d 1051, 1052–1053 (Fed. Cir. 1987); *Beardsley v. United States*, 126 F. Supp. 775, 777 (D. Conn. 1954) (finding no statutory prohibition on Commissioner's withdrawal of disallowance). Where a notice is withdrawn by the Commissioner and a new notice mailed, the statute runs from the date of the second mailing. *Beardsley*, 126 F. Supp. at 777.

### III. DISCUSSION

The court finds this action was timely filed because it was filed within two years of the IRS issuing its notice of disallowance in August 2012. Although the government contends the 2003 notice started the limitations period for U.P. to file suit, the record

shows the IRS reversed its decision, and then effectively withdrew the 2003 notice such that the two-year period of limitations to file suit did not run.

The 2003 notice was not a disallowance of the merits of the claim, it was a determination that the claims were untimely.  U.P. timely protested that determination and the determination was ultimately reversed.  The IRS action withdrawing the 2003 notice or rendering it ineffective was communicated to U.P. in the 2005 fax.  The IRS continued to examine the 1995 and 1996 claims until it issued the notice of disallowance in 2012.  There was no substantive disallowance to bring to federal court until the IRS ruled on the merits of the dispute.  The 1995 and 1996 claims were not disallowed on their merits until August 22, 2012.

Accordingly, the court finds the government's motion to dismiss the 1995 and 1996 claims should be denied.

IT IS ORDERED that:

1.     U.P.'s motion for a hearing (Filing No. 45) is denied.

2.     The government's motion to dismiss (Filing No. 31) is denied.

Dated this 1st day of July, 2016.

                                              BY THE COURT:

                                              s/ Joseph F. Bataillon
                                              Senior United States District Judge